## JONES v. SMITH.

### No. 9897.

Court of Civil Appeals of Texas. Austin.

June 21, 1950.

Rehearing Denied July 26, 1950.

Smith & Furr, Raymond Furr, all of Austin, for appellant.

A. G. Mueller, of Llano, Hammond & Hammond, D. V. Hammond, all of Burnet, for appellee.

**ARCHER, Chief Justice.**

This is a suit to recover real estate agent's commission brought by C. E. Smith, appellee herein, against Strother Jones, Jr., allegedly due him in the sale of appellant's ranch.

The defendant filed a plea in abatement, general denial, as well as special exceptions and an answer to the petition. The plea in abatement set up the invalidity of the contract as being in violation of the Statutes of Fraud and the Real Estate Dealers License Act, Vernon's Ann.Civ.St. arts. 3995 et seq., 6573a, and the answer was that the plaintiff was not the procuring cause of the sale of the ranch in question.

Trial was had before the court with the aid of a jury, and resulted in a verdict favorable to plaintiff, and the court entered judgment against the defendant for the amount sued for.

The case is before this court on three points assigned as error by the appellant (the defendant).

No. One is that the court erred in overruling the plea in abatement because the contract sued upon was in violation of the Statutes of Fraud and the Real Estate Dealers License Act.

The contract upon which suit was brought is as follows:

"This hereby authorizes Mr. C. E. Smith to sell my ranch of 2200 acres exclusively for thirty (30) days and entitles him to a five per cent commission if said ranch is sold.

"Strother Jones, Jr.

"Strother Jones, Jr."

The instrument was not dated, but the testimony is that it was executed February 8, 1948.

We believe that the contract in question was sufficient to support appellee's cause of action, and we overrule the first assignment.

The testimony is that appellant wrote the memorandum and used the expression "my ranch of 2200 acres," and testified that he did not own any ranch anywhere in Texas or elsewhere other than the 2200 acres. Testimony was given that appellant's ranch was known as "Strother Jones Ranch." Appellant testified further that the 2,200 acres described in the listing contract was the same ranch he thereafter sold to E. L. Farmer on March 5, 1948. Morrison v. Dailey, Tex.Sup., 6 S.W. 426

In the case of Pickett v. Bishop, Tex. Sup., 223 S.W.2d 222, there was involved a memorandum in writing, the body of which described the land as " 'my property described on the opposite side hereof'." The court said: "The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum. * * * The stated ownership of the property is in itself a matter of description which leads to a certain identification of the property and brings the description within the terms of the rule that 'the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.' "

8 Amr.Jur., 1003–1004, par. 24; Shook v. Parton, Tex.Civ.App., 211 S.W.2d 368.

We have given consideration to the cases cited by appellant but believe that the law is as stated in the above cases.

The second point is that appellee was not the procuring cause as a matter of fact and of law, and that the court erred in entering judgment for appellee based upon the jury verdict.

In response to special issue No. 1 the jury found that appellee was the procuring cause of the sale of the land by Strother Jones, Jr., to E. L. Farmer.

The contract was before the jury, as well as the testimony of E. L. Smith, E. L. Farmer, Strother Jones, Jr., and all of the witnesses in the trial.

C. E. Smith testified that he had a conversation with E. L. Farmer shortly before February 8, 1948, with reference to the

purchase of a ranch, and that he told Mr. Farmer he believed he could find a ranch suitable, and that he had heard that the Strother Jones ranch was for sale, and that he mentioned this ranch to Mr. Farmer, and that it might be bought. Smith further testified that he came to Llano and met Mr. Jones; that on February 8, 1948, he came back to Llano and saw Mr. Jones at his home in Llano, about 7:00 or 8:00 o'clock in the morning, and got the listing of the ranch. That subsequently he saw Mr. Farmer in Burnet, and told him that he had a ranch listed and thought it was the place he was looking for, describing the ranch generally, and offered to take Mr. Farmer to see the ranch, but he said he could not go then, that when he returned from West Texas he would look at it. That afterwards the ranch was sold and conveyed to Farmer by Jones. That Mr. Jones said nothing about the ranch being listed with any other agent.

E. L. Farmer testified that he told C. E. Smith he wanted a ranch; that he later had a conversation with Smith about a ranch in the Stribling community owned by Jones, and that it was a good ranch; that he believed "I would buy it if I looked at it," and that he had it listed and offered to show it. Later Mr. Farmer saw Mr. Jones and went over the ranch about the 10th of February, 1948; that he looked for Smith but did not find him; that C. E. Smith was the first person that talked to him about the ranch; that he bought the ranch because he liked it, and Mr. Smith told him it was a good ranch.

■ We believe that the finding of the jury is reasonably supported by the evidence.

■ In Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616, 618, the court states the rule, long established in Texas, as follows: "It was the jury's province to weigh all of the evidence and to decide what credence should be given to the whole or to any part of the testimony of each witness. 'The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable.'"

Henwood v. Neal, Tex.Civ.App., 198 S. W.2d 125; Barrick v. Gillette, Tex.Civ. App., 187 S.W.2d 683 (Ref.W.M.). In the case of Masters v. Hunt, Tex.Civ.App., 197 S.W. 219, 220, the court said:

" * * * It was not necessary, as the court charged the jury, without objection, that the agent Hunt should have personally conducted the negotiations or should have been present when the sale was completed. The original impulse was evidently given by Hunt. Peden, immediately after the conversations detailed by Hunt, pursued the matter until he finally completed the purchase, and later sold to Booe, a purchaser also furnished by Hunt. Hunt therefore was the procuring, moving cause of the sale by Masters in a very substantial sense. In 4 R.C.L., par. 46, p. 304, it is said, among other things, that:

" 'The duty of a broker employed to sell is usually performed when through one means or another he has brought his employer and a customer acceptable to the latter into negotiations with one another and his service in doing so may be said to be the procuring cause of the resulting deal between them.' * * *

" '* * * If the success of the transaction is directly attributable to the broker originally employed, his right to his commissions cannot be defeated by the mere fact that the negotiations were conducted, or the transaction finally consummated, through the medium of another broker, even though the terms of the first negotiations may have been varied.'" Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776.

The second assignment is overruled.

The third assignment is that the court erred in refusing to grant a new trial because of the misconduct of the jury.

The alleged misconduct grows out of a conversation had between E. L. Farmer, a witness for appellant, and David Stewart, foreman of the jury. The evidence is that the discussion concerned the question of the sale of cattle. According to the testimony of Stewart, Farmer did not remember what the discussion was about, but it was not about the case.

■ The burden was on appellant to show that injury probably resulted from the alleged misconduct of the jury. Rule 327, Texas Rules of Civil Procedure.

The court overruled the motion for new trial, and in so doing found that the misconduct did not occur. No misconduct being established there is no question of law to be determined by this court. Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462; Watson v. Texas Indemnity Ins. Co., Tex.Sup., 210 S.W.2d 989; Scoggins v. Curtiss & Taylor, Tex.Sup., 219 S.W.2d 451.

The judgment of the trial court is affirmed.

Affirmed.