A. A. A. REALTY COMPANY, Inc.,
Appellant,

v.

Jas. F. NEECE, Appellee.

No. 15727.

Court of Civil Appeals of Texas.

Fort Worth.

June 15, 1956.

Rehearing Denied July 13, 1956.

House, Mercer & House, and R. L. House, San Antonio, for appellant.

Nelson, Montgomery, Robertson & Sellers, and Lee Sellers, Wichita Falls, for appellee.

BOYD, Justice.

This is an appeal by A. A. A. Realty Company, Inc., from a summary judgment for appellee Jas. F. Neece. The suit was brought by appellant against appellee for damages for the breach of a written exclusive real estate listing agreement, by selling the listed property through another dealer. Both parties moved for summary judgment. Appellant's motion was denied and appellee's motion was sustained.

Appellant has two points for reversal. One is that the court erred in sustaining appellee's motion for summary judgment, and the other is that the court erred in overruling appellant's motion for summary judgment.

The first question is whether the description of the property covered by the listing contract is insufficient under the statute, as claimed by appellee, or sufficient, as claimed by appellant.

Appellee signed three instruments, as follows:

**OPEN LISTING AGREEMENT**

No. Days?...............................

**A.A.A. REALTY CO.**
3201 McCULLOUGH A~~VE~~     Phone:   Bus. U-6-2363
San Antonio 12, Texas                Res. P-0735

EXHIBIT
"A"

Date: June 20, 1955

CATALINA MOTEL

I, (or we) agree to pay A.A.A Realy Co. 7% of the sale price, (if they sell said property), and to protect them on their prospects or anyone that they are instrumental in property being sold to.

Sale Price $ 410,000.00

Address Wichita Falls, Texas

Possession 30 Days after deal is closed

Signature: _____

Date:...............................

**RESIDENCE**

I, (or we) agree to pay A.A.A. Realty Co. 5% of the sale price, (if they sell said property), and to protect them on their prospects or anyone that they are instrumental in property being sold to.

Sale Price $ ...............................

Address ...............................

Possession...............................

Signature:...............................

---

**EXCLUSIVE LISTING AGREEMENT**

No. Days? Six Months

**A.A.A. REALTY CO.**
3201 McCULLOUGH AVE.   Phone:   Bus. U-6-2363
San Antonio 12, Texas              Res. P-0735

EXHIBIT
"B"

Date: August 19, 1955

CATALINA MOTEL

I, (or we) agree to pay A.A.A. Realy Co. 7% of the sale price, (if they sell said property), and to protect them on their prospects or anyone that they are instrumental in property being sold to.

Sale Price $ 410,000.00

Address 1409 E. Scott, Wichita Falls, Tex

Possession 30 days after deal closed.

Signature:...............................

Date:...............................

**RESIDENCE**

I, (or we) agree to pay A.A.A. Realty Co. 5% of the sale price, (if they sell said property), and to protect them on their prospects or anyone that they are instrumental in property being sold to.

Sale Price $...............................

Address...............................

Possession...............................

Signature: Jack F. Nasser

---

**EXCLUSIVE LISTING AGREEMENT**

No. Days? Six Months

**A.A.A. REALTY CO.**
3201 McCULLOUGH AVE.   Phone:   Bus. U-6-2363
San Antonio 12, Texas              Res. P-0735

EXHIBIT
"C"

Date: August 19, 1955

MOTEL

I, (or we) agree to pay A.A.A. Realy Co. 7% of the sale price, (if they sell said property), and to protect them on their prospects or anyone that they are instrumental in property being sold to.

Sale Price $ 410,000.00

Address 1409 E. Scott Wichita Falls, Tex

Possession 30 days after deal is closed.

X Signature: Jack F. Nasser

Date:...............................

**RESIDENCE**

I, (or we) agree to pay A.A.A. Realty Co. 5% of the sale price, (if they sell said property), and to protect them on their prospects or anyone that they are instrumental in property being sold to.

Sale Price $...............................

Address...............................

Possession...............................

Signature:...............................

OWNER *James Neece*        Address *Wichita Falls, Tex*        Phone *714.11*

**EXHIBIT "A"**

### RESIDENCE

Exterior............Lot Size?................
Interior............Stories?................
..do. Rooms............Condition?................
No. Bedrooms?............Baths?............
Size Liv. Room?............Dining Rm.?............
Breakfast Rm.?............Other Rooms?............
Porch?............No. Closets?............
Servant Qtrs............Garage?............
Lien............Payable............
Cash Required............Taxes............
Listed by............
Remarks: *Lobby – lock room*
*Linen room*
*Mgr's office inc off Eqt.*
*Alone: Kirch-dining area*
*Comb liv rm – bed rm –*

### MOTEL

No. Units? *57*        Baths? *57 Shower's*
Exterior *Brick Masonry* *Stucco*        City Utilities? *Yes*
*Gravel roofs*
Acres?............        Frontage *410 ft*
Air-Cond.? *Yes*        Tele? *own yo*
Vented Heat: *Yes*        Kitchennettes? *No*
Lien? *176,000*        Payable *$1250 mo. 5%*
Cash. Req.? *176,000*        Taxes *4,000 per state*
Last Yrs. Income (Gross) *$132,000 (last audit)*
Tot. Operation Cost... *(See note)*
Listed By? *Ray Andrews*
Remarks: *Owner will carry 2nd lien*
*@ 5% @ $70 per mo.*
*lease 34 Road signs (own it)*
*Member AAA + ATA - (owner dropped*
*Best Western for personal reasons) court*
*was Best western.*
*Mr Neece took over oct. 1st, 1954*

---

OWNER *James F. Neece*        Address *1409 E. Scott, Wichita Falls* Phone *L.D. 24*

**EXHIBIT "B"**

### RESIDENCE

Exterior............Lot Size?................
Interior............Stories?................
No. Rooms............Condition?................
No. Bedrooms?............Baths?............
Size Liv. Room?............Dining Rm.?............
Breakfast Rm.?............Other Rooms?............
Porch?............No. Closets?............
Servant Qtrs............Garage?............
Lien............Payable............
Cash Required............Taxes............
Listed by............
Remarks: ............

### MOTEL

No. Units? *57 14 C* Baths? *whirl card*
Exterior *Owner's room which card* City Utilities? *write*
Acres? *to rented* Frontage *intracks*
Air-Cond ? ............ Tele.? ............
Vented Heat:............ Kitchennettes? *yes*
Lien? ............ Payable ............
Cash. Req.? *See pres* Taxes *card for detail*
Last Yr. Income (Gross) *card detail*
Tot. Operation Cost ............
Listed By? *Ray Andrews*
Remarks: ............

---

OWNER *James F. Neece*        Address *409 S. Scott Wichita Falls*, Phone *L.D. 24*

**EXHIBIT "C"**

### RESIDENCE

Exterior............Lot Size?................
Interior............Stories?................
No. Rooms............Condition?................
No. Bedrooms?............Baths?............
Size Liv. Room?............Dining Rm.?............
Breakfast Rm.?............Other Rooms?............
Porch?............No. Closets?............
Servant Qtrs............Garage?............
Lien............Payable............
Cash Required............Taxes............
Listed by............
Remarks: ............

### MOTEL

No. Units? *57*        Baths? ............
Exterior............City Utilities? ............
Acres?............Frontage............
Air-Cond.?............Tele.?............
Vented Heat:............Kitchennettes?............
Lien?............Payable............
Cash. Req.?............Taxes............
Last Yrs. Income (Gross)............
Tot. Operation Cost............
Listed By? *Mr. Andrews*
Remarks: ............

Article 6573a, Sec. 28, Vernon's R.C.S., is in part as follows:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith.or by some person by him thereunder lawfully authorized. * * *"

■ The general rule by which the sufficiency of the description is tested in cases of this kind is.that the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land may be identified with reasonable certainty. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Manning v. Barnard,. Tex.Civ.App., 277 S.W.2d 160; Dickson v. Kelley, Tex.Civ. App., 193 S.W.2d 256; Elliott v. Henck, Tex.Civ.App., 223 S.W.2d 292.

The quoted section of Art. 6573a does not attempt to prescribe the essentials of a cause of action. Shook v. Parton, Tex. Civ.App., 211 S.W.2d 368.

■ The established rules governing the construction of the statute of frauds, Article 3995, R.C.S., in regard to the description of real estate contracted to be sold should be applied in determining the sufficiency of the description of land in the memorandum required by Article 6573a in real estate listing agreements. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, and authorities there cited. In a contract of sale of real estate, it is not necessary that the property be described with the exactness and particularity generally used in deeds. Loring v. Peacock, Tex.Civ.App., 236 S.W.2d 876. What is essential is that the memorandum furnish a sufficient basis for identification and the means by which the land can be identified with reasonable certainty. Beaton v. Fussell, Tex.Civ.App., 166 S.W. 458; Parks v. Underwood, Tex., Civ.App., 280 S.W.2d 320; Pickett v. Bishop, supra; Jones v. Smith, Tex.Civ.App., 231 S.W.2d 1003.

In Parks v. Underwood, supra [280 S.W. 2d 321], the following description was held sufficient: "'Owner: Homer Parks. Price: $23,500.00. Address: 4101 Rosa Road, Phone DI–4177 Section WH age 3 Bedrooms: 4 Stories: 1 Baths 1½ Tiled: Yes BKfst. Rm.: Area Den: Yes Construction: Brick Screen Porches: W.B. Fire: 2 Windows SDH Attic Fan: Yes Insulation: Yes Walls: SRT Roof: CS Arch: Ranch Listed by: J. A. Crawford Date: 3–14–52.'"

The following description was held sufficient in Jones v. Smith, supra [231 S.W. 2d 1004]: "'This hereby authorizes Mr. C. E. Smith to sell my ranch of 2200 acres exclusively for thirty (30) days and entitles him to a five per cent commission if said ranch is sold.'"

We think that an examination of the listing cards will show that appellee listed, with appellant the Catalina Motel, located at No. 1409 East Scott Street, in Wichita Falls, Texas, to be sold for $410,000. In answer to a request for admissions, appellee said that the Catalina Motel, listed by him with appellant, was the only Catalina Motel owned by him in Wichita Falls; that it contained 57 units; that it occupied about 450 feet of highway frontage; that it was of concrete block construction with stucco exterior; that it was the same motel that grossed approximately $132,000 in 1954; and that it was the same motel that he sold through another dealer in September, 1955. In our opinion, the description is sufficient.

■ Appellee insists that in looking for the description of the property to be sold we are restricted to the last listing card, because each card superseded the previous one. He cites Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477, and Maddox Motor Co. v. Ford Motor Co., Tex.Com. App., 23 S.W.2d 333, 338, and other cases, as authority for his contention. We do

not think the facts in this case call for an application of the rule that where agreements are so inconsistent that they cannot subsist together, the last is presumed to have supplanted the other. Indeed, we think the rule applicable here is that expressed in Maddox Motor Co. v. Ford Motor Co., supra, as follows: " * * * when a contract has been changed by mutual consent of the parties, it becomes a new agreement, which takes the place of the old, and the new agreement consists of the new terms and as much of the old as the parties have agreed shall remain unchanged. * * *"

A material change was accomplished by providing in the second and third cards for an exclusive listing for six months, whereas the first card showed an open listing. In an affidavit supporting appellant's motion for summary judgment, appellant's agent Andrews said that he procured the signing of the third card by appellee because appellee signed the second card in the wrong place. This is not denied. It is true that the second and third cards do not contain as full a description of the property as does the first; we find omissions but no inconsistency. It is clear that the same property is the subject of contract in all the listing cards. And in his affidavit in support of his motion for summary judgment appellee said: " * * * the three listing cards, copies of which are attached hereto, constitute the entire written agreement between the parties * *." He attached copies of the three listing cards relied upon by appellant.

■ Appellee contends that in no event could appellant recover unless it sold the property. We cannot agree with that contention. The owner of the property cannot escape liability for his own breach of the contract by which he makes impossible its performance by the other party. Park v. Swartz, 110 Tex. 564, 222 S.W. 156; Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744.

Believing that the contract sufficiently described the property and that it was not necessary for appellant to show that it had actually sold the property, we think the court erred in granting appellee's motion for summary judgment.

Appellant insists that the court erred in not granting its motion for summary judgment, and it asks that the judgment be reversed and rendered in its favor. Appellant prayed for judgment for seven per cent of the sales price and for reasonable attorney's fees. There was evidence that reasonable attorney's fees would be $10,000. While there seems to be authority for the proposition that the measure of damages is the amount to which appellant would be entitled had it sold the property, Park v. Swartz, supra, it is unnecessary for us to decide whether that is the correct measure of damages because we think that judgment cannot be here rendered for appellant.

■ It has been held that an order denying a motion for summary judgment is interlocutory and not appealable. Bell v. Davis, Tex.Civ.App., 287 S.W.2d 733, and cases there cited. The losing party still has his day in court. In the case at bar, however, there was a final judgment in favor of appellee; and it is appellant's position that where the court denies a summary judgment for one party and grants a summary judgment for the other party, the appellate court can, in a proper case, when it reverses the order granting the summary judgment, proceed to reverse and render the case for the unsuccessful movant for summary judgment. We think the holding in Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670, 674, is against appellant's contention. There the court said: " * * * Nor does the fact that part of the trial court's action granted summary judgment for petitioners and was thus appealable by respondent, necessarily make the part refusing summary judgment appealable by the petitioners. * * * True, where there is an appeal from that part of the

 

court's order which grants summary judgment, it might be convenient to allow the appellate court to review also the part refusing summary judgment and itself to render summary judgment on the latter issue, if it concludes that the trial court ought to have done so. At the same time, since such a practice would be by way of exception to a general rule, any benefits might well be outweighed by the resultant confusion."

The judgment is reversed and the cause remanded.