**N. J. RIEBE, d/b/a RKR Ranch and United Farm Agency, Inc., Appellant,**

**v.**

**Ed FOALE, Appellee.**

**No. 850.**

Court of Civil Appeals of Texas, Corpus Christi.

March 29, 1974.

Glen A. Barnard, Chavez & Barnard, Harlingen, for appellant.

Nile E. Ball, Bonner, Ball & Bonner, Harlingen, for appellee.

## OPINION

YOUNG, Justice.

This is a summary judgment case. N. J. Riebe, doing business as RKR Ranch, sued Ed Foale for liquidated damages for breach of a contract to sell realty. In the same suit, United Farm Agency, Inc. sued Foale for commission for breach of a real estate listing contract. The defendant Foale filed his motion for summary judgment in which he alleged that the property descriptions in the contract of sale and listing contract were each insufficient as a matter of law; and that the plaintiffs are estopped to assert that the defendant breached the contract of sale for the reason that Riebe never tendered performance of such contract. The trial court sustained defendant's motion for summary judgment. In its judgment the trial court recited that the court considered the pleadings and deposition on file, and they show an absence of genuine issue of any material fact. The plaintiffs appeal.

The general rules relative to resolving summary judgment disputes are set out in Farley v. Prudential Insurance Company, 480 S.W.2d 176, 178 (Tex.Sup.1972) as follows:

"It is settled that the question on appeal and in the trial court is not whether the summary judgment proof raises fact issues with reference to essential elements

of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970).

The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true." (Cites omitted).

The defendant (together with a representative of United) signed a real estate listing contract which contained these elements of description: (1) It stated the owner as "Ed Foale". (2) It stated the address of the property as "2.1 m. so. old 83 on Baker Rd. Potts Rd. County Cameron". (3) It set out the legal description as "Blks. 8, 9, 10, 11 Arroyo Vista Survey Blk 18 Stuart Place Survey-Survey". (4) It described the type of property as "Citrus Grove". (5) Further, it recited the total deeded acreage as "50–55 To be Surveyed".

The defendant as seller (together with Riebe as agent of RKR Ranch as Buyer) signed a contract to sell which provided: "Seller agrees . . . to sell to the buyer the following described property located in the County of Cameron, State of Texas:

"LEGAL DESCRIPTION: Blks 8, 9, 10, 11, Arroyo Vista Subdivision Cameron County, Texas, and Blk 18 Stuart Place Subdivision, Cameron County, Texas. Being not less than 50 acs. and not more than 55 acs. further described by metes and bounds taken from certified survey and plat supplied by seller."

The appellants in their first point complain primarily that the trial court erred in sustaining the appellee's motion for summary judgment in that the description of land used in the listing agreement and sales contract was sufficient to satisfy the rules of law interpreting the Statute of Frauds.

The basic rule by which to test the sufficiency of land description in written land contracts to meet the requirements of V.T.C.A., Bus. & C. § 26.01 (Statute of Frauds) is: the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex.Sup.1972). Further, a recital of ownership in a contract, with some other element of identification, may single out the land with reasonable certainty. Walker Barnebey Company v. Schmidt, 374 S.W.2d 277, 279 (Tex. Civ.App.—San Antonio, 1963, n.w.h.). Another refinement of the basic rule is: if the address of the land together with the lot and block number in a subdivision are set out in the contract, this can be sufficient to satisfy the necessary reasonable certainty. Loring v. Peacock, 236 S.W.2d 876, 877 (Tex.Civ.App.—Fort Worth, 1951, n.w.h.).

The listing contract certainly satisfies the above rules regarding the statute of frauds in that the owner is stated to be Ed Foale; the address is set out; and the lots and blocks in specific surveys are included. The appellee counters that the mentioning in the listing agreement of "total deeded acreage 50–55. To be surveyed." and, mentioning in the sales contract of "being not less than 50 acs. and not more than 55 acs. further described by metes and bounds taken from certified survey and plat supplied by seller" make the descriptions in the contracts uncertain and insufficient. The appellant is entitled to the inference, according to Farley v. Prudential Insurance Company, supra, that the number of acres recited is only an estimate by the seller or real estate agent of the size of the subject tract and, therefore, such estimate does not detract from the de-

scriptions. As for the matter of metes and bounds and survey, these are alternatives to a lot and block description and do not make the descriptions relied on insufficient. Finally, under the facts of this case, it has been demonstrated that a party familiar with the locality could identify and locate the land with reasonable certainty from the descriptions found in the subject contracts, which is enough to make the descriptions sufficient. Gates v. Asher, 154 Tex. 538, 280 S.W.2d 247, 248 (1955). In that regard, we look to the deposition of Frank Chadick, who was the representative of United, who signed the listing agreement, and who secured the buyer in the sales contract. In this deposition, offered by the appellee in the summary judgment hearing, we find:

"Q Mr. Chadick, . . could you take those legal descriptions (listing contract and sales contract) and in looking at the maps of Cameron County, Texas, legal maps setting out blocks and lots, would you be able to locate this property yourself, had you not ever been out to the location?

A Yes, I could."

■ Therefore, we hold that the description in each of the contracts satisfies the Statute of Frauds sufficiently enough to preclude the granting of a summary judgment. The first point of the appellants is sustained.

■ In appellants' second point they complain of the trial court's action in allowing the admission of parol evidence for the purpose of taking the land descriptions out of the Statute of Frauds. As has been mentioned, the deposition of the real estate agent, Chadick, was offered by the appellee and considered by the trial court in the summary judgment hearing made the basis of this appeal. There Chadick said that he was aware that Foale did not want to sell all of Block 18 (Stuart Place Survey or Subdivision). In that respect, Chadick said "He (Foale) wanted to sell the citrus grove south of the existing meandering farm road, . . ." According to Chadick, he showed this citrus grove to Riebe as the property that was for sale. Chadick concluded, in answer to a question of whether he knew, at the time he prepared the contracts, all of Block 18 was not being offered for sale, with "yes sir, I was aware of it and the buyer was aware of it and the seller was aware of it. . . ." All this testimony does is raise questions of fact whether the parties were mutually mistaken in believing that the descriptions of land in the contracts they signed were sufficient. Under mutual mistake, raised by the deposition of Chadick, the appellants would be entitled to seek reformation of the contracts even though not originally pled, and the motion for summary judgment should not have been granted. Morrow v. Shotwell, supra; Foster v. Bullard, 496 S.W.2d 724, 734, (Tex.Civ.App.—Austin, 1973, n.r.e.). Appellants' second point is sustained.

In view of the disposition of appellants' first two points, it is not necessary for the Court to address itself to appellants' third and last point.

Appellee, in his motion for summary judgment, raised the issue of no tender of performance of the sales contract by the buyer (RKR Ranch) and the appellants have argued the issue in their brief. We have searched the record and find no evidence, documentary or otherwise, on which the trial court could have relied regarding this contention by appellee.

The judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.