Betty B. JAMES, Appellant,

v.

BARON INDUSTRIES, INC., Appellee.

No. A2432.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 23, 1980.

Rehearing Denied Sept. 10, 1980.

Patricia Hair, Baker & Botts, Houston, for appellant.

Michael L. O'Brien, Law Offices of Harold Lloyd, Inc., Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal by Betty B. James, appellant, from a summary judgment for Baron Industries, Inc., appellee. Appellant brought suit against appellee for damages for the breach of a written exclusive real estate listing agreement. The trial court granted appellee's motion for summary judgment.

On February 9, 1978, appellant and appellee executed an agreement whereby appellant was granted an exclusive sales listing to sell all patio homes and townhouses on a particular tract of land owned by appellee. Appellant alleged that she expended considerable amounts of time and money in promoting and selling the homes. Nevertheless, appellee terminated the agreement on May 15, 1978.

Appellee's motion for summary judgment claimed that the agreement violated the Texas Real Estate License Act, Tex.Rev. Civ.Stat.Ann. art. 6573a, § 20(b) (Vernon Supp.1980) in that the agreement did not contain a legally sufficient description of the property to be sold. Appellee further claimed that the agreement created an agency for an indefinite duration and was thus terminable at will.

Appellant contends that the summary judgment cannot stand on either ground. Appellant first claims that there are genuine issues of material fact with respect to whether partial performance by the agent made the contract terminable only after appellant was given a reasonable opportunity to perform.

Generally, where an exclusive listing agreement is of indefinite duration, it may be terminated at the will of the principal. *Wall v. Ayrshire Corp.*, 352 S.W.2d 496 (Tex.Civ.App.—Houston 1961, no writ). However, if the agent partially performs his duties under the agreement, then the contract becomes binding and the agent must be given a reasonable opportunity to perform. *Sunshine v. Manos*, 496 S.W.2d 195 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). Appellant alleged that she spent substantial amounts of time and money in

attempting to sell the homes, and in fact, did sell a few. Thus, a fact question is raised as to whether she had a reasonable opportunity to perform.

■ We must next consider whether the description of the property covered by the listing agreement is sufficient under section 20(b) of Article 6573a. In general, "the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 152 (1945). But it is not necessary that the property be described with the exactness and particularity that is necessary in deeds. *A. A. A. Realty Co. v. Neece*, 292 S.W.2d 811 (Tex. Civ.App.—Fort Worth 1956), *aff'd*, 156 Tex. 614, 299 S.W.2d 270 (1957).

■ The listing agreement in the case at bar describes the relevant property as the "Willowick Place patio homes and the five (5) townhomes on Nantucket." There is also included a dateline of "City of Houston, Harris County, Texas." Therefore, it may be presumed that the property is located in Houston, Texas. *See Krueger v. W. K. Ewing Co.*, 139 S.W.2d 836 (Tex.Civ.App. —El Paso 1940, no writ).

It has been held that a description in a contract for sale which identified the property only as the "San Gabriel Apartments," was sufficient. *Krueger v. W. K. Ewing Co., supra.* Furthermore, courts have held that a description which allows a party familiar with the locality to identify and locate the land with reasonable certainty is sufficient under the statute. *Riebe v. Foale*, 508 S.W.2d 175 (Tex.Civ.App.— Corpus Christi 1974, no writ).

It appears that the description contained in the instant case is sufficient to meet the requirements of the statute and thus preclude the granting of summary judgment. The judgment of the trial court is reversed and the case is remanded for trial.

Reversed and remanded.