**William H. PRICE, Appellant,**

v.

**ESTATE OF Madolyn M. SCHWARTZ, Deceased, Appellee.**

**No. 13–86–078–CV.**

Court of Appeals of Texas, Corpus Christi.

May 1, 1986.

Rehearing Denied June 12, 1986.

Aaron L. Jackson, Melvin A. Krenek, San Antonio, for appellant.

Bruce Waitz, Joe Meador, Clarence R. McGowan, William H. Price, George D. Vann, Jr., San Antonio, Serena Kuvet, Austin, Earl C. Hill, William W. Torrey, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This case originated as a motion to remove appellant, the Honorable William H. Price, as independent executor of the estate of Madolyn M. Schwartz. Various charitable beneficiaries of the estate sought, in addition to appellant's removal, the return of $49,000 in attorney fees which appellant had taken out of the estate, damages for waste of monetary assets, and for their attorneys' fees. During the pendency of the action, attorney Price resigned, and the Honorable George D. Vann was named administrator and made a party to this action. After a hearing, the probate court reduced the fee of attorney Price to $6,339.12. In addition, appellant was ordered to pay some $16,000 in attorney fees and costs. The probate court denied appellees, the charitable beneficiaries, any damages for waste. We affirm.

Both sides challenge the probate court's ruling. Appellant complains that the great weight and preponderance of the evidence establishes his entitlement to a fee of $49,-000, and that the evidence is insufficient to sustain a finding that $6,339.12 is a reasonable fee. On the other hand, appellees complain of the probate court's action in denying them damages for waste, because the negligence of appellant was established as a matter of law.

■ The hearing which resulted in the probate court's order was held without a jury. Neither side requested, and the probate court did not make, findings of fact and conclusions of law. Where findings of fact and conclusions of law are neither requested nor filed, an appellate court pre-

sumes that all questions of fact have been found in support of the trial court's order. The order must be affirmed on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984); *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); *Rowden v. Texas Catastrophe Property Insurance Association*, 677 S.W.2d 83, 88 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

■ Appellant Price argues that he is entitled to a $49,000 fee for the handling of the estate. Three attorneys experienced in the handling of probate matters testified at the hearing. One of these was the appellant himself, who testified that the work he performed justified a fee of at least $49,000. The expert witness called by appellant testified that a fee of $20,000 to $25,000 would be reasonable. However, the expert witness for appellees testified to the effect that no more than $1,200 would be reasonable. None of the three witnesses testified that a definite method exists for charging an estate where the same person acts as executor and as attorney for the estate. In fact, various methods of calculating the charge were advanced as reasonable methods of computation. Additionally, the size and complexity of the estate were part of the dispute. The probate judge, who heard the live testimony, could have used any of the proposed methods and a wide range of variables in determining the reasonable fee to be awarded appellant. We will not disturb his finding.

■ Appellees, for their part, claim that appellant should be liable to the estate for damages. Appellant testified that he acted as executor for about three years and that, shortly after being appointed executor, the estate had roughly $90,000 in cash, in a non-interest-bearing account. He never invested any of this money, nor did he transfer it to an account which would draw interest. However, appellant testified that he was "on the verge of disbursing the money to the beneficiaries" shortly after gathering the cash from various banking institutions and selling some items of property when a neighbor of the deceased produced a purported codicil to the will. The transcript of the case reveals that the codicil remained in dispute for virtually the entire term of appellant as executor.

The attorney who testified on behalf of appellees testified that he would have placed the funds in an interest-bearing account of some sort. However, he did not testify that the failure to do so would in any way constitute neglect of a required duty. *See* TEX.PROB.CODE ANN. § 245 (Vernon Supp.1986). Although the checking account probably should have been invested in an interest-bearing account for part of the time appellant held it, there is no definite limit on the amount of time and the circumstances under which it may remain uninvested.

We find that the probate court's disposition of this case finds support in the evidence. The order of the probate court is affirmed.