Jose R.A. RODRIGUEZ, d/b/a
Rodriguez Realty, Appellant,

v.

MAJOR INVESTMENTS, INC., and Glen
Dunn, Individually and as President for
Major Investments, Inc., Appellees.

No. 13–87–128–CV.

Court of Appeals of Texas,
Corpus Christi.

March 24, 1988.

Juan J. Hinojosa, McAllen, for appellant.

William E. Corcoran, McAllen, for appellees.

Before NYE, C.J., and DORSEY and
KENNEDY, JJ.

OPINION

DORSEY, Justice.

Jose Rodriguez brought suit to collect a real estate commission from Major Investments and its president, Glen Dunn. The trial court ordered a take-nothing judgment against Rodriguez, who brings two points of error on appeal. We affirm.

Rodriguez, a real estate broker, executed an exclusive listing agreement with Major Investments to sell fifty-four units of Dunlyn–Acres Condominiums for $3,000,000.00. The agreement was to remain in effect from March 15 to June 15, 1983, with a 30–day "protection period" through July

15.[1] On June 10, 1983, Rodriguez produced a potential buyer, Rene Marin Delon, whom he joined as co-buyer in an earnest money contract executed the same day. Glen Dunn then presented a financing package to the McAllen State Bank. The bank declined to make the loan because Rodriguez's financial status was unacceptable.

On or about June 14, 1983, Dunn contacted another potential buyer, Nicolas Escamilla, who signed an earnest money contract to purchase the property with Delon in July of 1983. The bank agreed to finance the transaction.

On July 27, the scheduled date of closing, Delon and Escamilla appeared with insufficient funds for a down payment. That same day, Rodriguez delivered a letter to appellee Dunn demanding payment of his 5% commission. The closing was never completed.

After hearing the evidence, the trial court denied Rodriguez recovery. No findings of fact or conclusions of law were filed or requested.

In a trial to the court where no findings of facts or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of fact in support thereof. All questions of fact are presumed found in support of the judgment, which will be affirmed if it may be upheld on any basis that has support in the evidence. *Point Lookout West, Inc. v. Whorton*, 31 Tex.Sup.Ct.J. 104, 742 S.W.2d 277 (1987); *In The Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (Per Curiam); *Price v. The Estate of Schwartz*, 711 S.W. 2d 700 (Tex.App.—Corpus Christi 1986, no writ); *Henderson v. Henderson*, 694 S.W. 2d 31 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Altamirano v. Altamirano*, 591 S.W.2d 336 (Tex.Civ.App.—Corpus Christi 1979, no writ); see generally Tex.R. Civ.P. 279, 299. Where implied findings of facts are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *Point Lookout West* at

105, 742 S.W.2d 277; *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). This is so regardless of whether the trial court articulates the correct legal reasoning for the judgment. *Gulf Land Company v. Atlantic Refining Company*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939). An appellant may challenge these implied findings by raising both legal and factual sufficiency of the evidence points. When such points are raised the standard of review to be applied is the same as that to be applied in the review of jury findings or trial court's findings of fact. *Burnett v. Motyka*, 610 S.W. 2d 735, 736 (Tex.1980) (Per Curiam).

Rodriguez has suggested two implied findings that could support the judgment and has attacked each in his points of error. They are: 1) that the requirement of a valid "writing" has not been satisfied because of an insufficient property description in the listing agreement; and 2) that certain conditions required by the agreement were not met.

The existence of a signed "writing" is essential to Rodriguez's recovery of a commission. Tex.Rev.Civ.Stat.Ann. art. 6573a, § 20(b) (Vernon Supp.1988). Hence, we will first address point of error number two and determine if the trial court's implied finding that the listing agreement is invalid is "so contrary to the great weight and preponderance of the evidence as to be manifestly unjust." *See Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815, 816 (1959).

Texas courts have held that the property referred to in a listing agreement need not be described with the exactness and particularity that is necessary in deeds. *A.A.A. Realty Co. v. Neece*, 292 S.W.2d 811, 815 (Tex.Civ.App.—Fort Worth 1956), *aff'd*, 156 Tex. 614, 299 S.W.2d 270 (1957). It is required, however, that the writing furnish "within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable

1. The contract states that a commission would be paid if the property was sold within 30 days of the expiration date to anyone with whom appellant has had negotiations during the period of the contract.

certainty." *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex.1968); *James v. Baron Industries*, 605 S.W.2d 330, 332 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

 In the case at bar, the listing agreement describes the property to be conveyed as follows:

> real estate situated in the City of PHARR, County of HIDALGO, Texas., known as 2201 S. JACKSON RD., and further legally described as: 54 UNITS OF DUNLYN–ACRES CONDOMINIUMS (12 UNITS OF 2 BEDROOMS & 2 BATHS; 31 UNITS OF 2 BEDROOMS & 1½ BATHS; AND 11 UNITS OF 3 BEDROOMS & 2½ BATHS).

At trial, the appellees called to the stand John King, an attorney and real estate expert. King testified that the plat records of Hidalgo County indicated Dunlyn–Acres Condominiums at 2201 S. Jackson Rd. consisted of 108 units divided into two sections, with Section One containing fifty-three units and Section Two containing fifty-five units. He further stated that he was "unable to determine" the location of the fifty-four units of real estate in question. Rodriguez offered no rebuttal evidence suggesting how the units could be identified or distinguished. Nor does the listing agreement refer to any other existing writing which could help in the identification process.

We conclude that the writing does not provide the "means or data" by which the fifty-four units may be located with "reasonable certainty." *See Owen*, 433 S.W.2d at 166. Thus, the trial court's implied finding of an absence of a valid writing is not against the great weight and preponderance of the evidence. Rodriguez's second point of error is overruled.

Where implied findings are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *In re W.E.R.*, 669 S.W.2d at 717; *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). Since the judgment may be upheld on the appellee's Statute of Frauds theory, Rodriguez's first point of error is indispositive and need not be addressed.

The judgment of the trial court is AFFIRMED.