NAKFOOR 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-233-CV





BRUCE E. NAKFOOR,



 APPELLANT


vs.





SUMMER GROVE, LTD., SUMMER GROVE APARTMENTS, 


ADMIRALTY FUND OF AMERICA, INC., RALPH GOODSON 


AND BELCO EQUITIES, INC.,



 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 478,404, HONORABLE VIRGIL MULANAX, JUDGE PRESIDING



 





 Bruce Nakfoor brought suit against Summer Grove, Ltd., (1) Admiralty Fund of
America, Inc., Belco Equities, Inc., and Ralph Goodson to collect a real estate commission. 
Following a bench trial, the district court rendered a take-nothing judgment against Nakfoor. We
will affirm the judgment of the district court.



THE CONTROVERSY


 In 1989, Bruce E. Nakfoor, a licensed real estate broker, contacted Rudy Belton
of Belco Equities, Inc. ("Belco"), in an attempt to serve as a broker and facilitate the sale of the
Summer Grove Apartments (the "Apartments"). Coast Savings, Inc. ("Coast Savings") owned
the Apartments at that time. Belton informed Nakfoor that Nakfoor would be paid a real estate
commission of $40,000, provided that Nakfoor introduced Belton to the appropriate officer at
Coast Savings and that the Apartments were eventually acquired. Nakfoor provided Belton with
general information on the property.

 Nakfoor arranged a conference call among himself, Belton, and Tom Wright, an
asset manager at Coast Savings. On August 4, 1989, Coast Savings sent a written offer to sell
the Apartments addressed to "Ralph Goodson,[ (2)] c/o Rudy Belton, Belco Equities, Inc." The offer
to sell described the property as "Summergrove Apartments, Austin, Texas." The offer
additionally provided that "[t]he total commission to be paid by Seller shall not exceed three
percent (3%) of the Sales Price to Martin Palmer." On August 7, 1989, Goodson, as the buyer,
accepted and signed the offer to sell the Apartments.

 On August 8, 1989, Belton, as president of Belco, sent Nakfoor a letter purportedly
on behalf of Goodson, the buyer, confirming the oral agreement to pay the commission. This
letter described the property as "Summergrove Apartments, Austin;" identified the seller of the
Apartments as Coast Savings; and identified the buyer as Ralph Goodson. In addition, the letter
specifically stated that "in the event that the buyer acquires title through a partnership or related
entity to be formed, the commission to be paid to you . . . will be paid by the purchasing entity." 
The letter further indicated that a copy of it was sent to Goodson.

 On August 31, 1989, Goodson sent a facsimile to Tom Wright at Coast Savings
explaining that funds for the purchase of the Apartments were coming from a 1031 exchange
purchase. (3) The facsimile described the property as "Summer Grove, Austin, Texas." Art
Equities, Inc. ("Art Equities") was the corporation formed to effectuate the 1031 exchange.

 On September 22, 1989, Art Equities and Coast Savings entered into an agreement
of purchase and sale. This agreement described the property as "that certain property commonly
known as Summergrove Apartments, Austin, Texas, Travis County, Texas." Additionally, the
agreement stated that the only broker engaged by either the buyer or the seller was Martin
Palmer. (4)

 Once again, on October 3, 1989, Belton, as president of Belco, sent a letter to
Nakfoor agreeing to pay the commission. The letter described the property as "Summer Grove
Apartments, Austin" and indicated that a copy of the letter was sent to Goodson.

 Eventually, Art Equities purchased the Apartments from Coast Savings and
assigned its contract rights to Summer Grove, Ltd., on December 13, 1989, in a 1031 exchange. 
Summer Grove, Ltd. is a Texas limited partnership whose general partners are Belco and
Admiralty Fund. Subsequently, Nakfoor contacted Belton and Goodson regarding the payment
of his real estate commission, which they refused to pay.

 Nakfoor brought suit against Summer Grove, Ltd., Admiralty Fund, Belco, and
Goodson. Goodson was the only individual sued; all other defendants were legal entities. 
Because Nakfoor brought suit against Belco, Belton was sued only in his capacity as president of
Belco but was not sued individually. The trial court rendered a take-nothing judgment against
Nakfoor. Among the court's conclusions of law were: (1) Nakfoor was barred from collecting
the contested commission by the Statute of Frauds because the legal description of the property
was inadequate, (5) (2) Belton and Belco did not have actual or apparent authority to bind Admiralty
Fund, Summer Grove, Ltd., or Goodson, and (3) Goodson was not liable in his individual
capacity for the commission.



STATUTE OF FRAUDS


 In his first point of error, Nakfoor contends that the legal description of the
Apartments contained within the written agreements between the parties is sufficient to satisfy the
Statute of Frauds. He maintains that, if necessary, the documents should be read in light of each
other to provide any missing elements of the Statute of Frauds. Nakfoor argues, in the
alternative, that if the agreements do not comply with the Statute of Frauds, the doctrine of part
performance renders the Statute of Frauds inapplicable.

 The Real Estate License Act requires, for enforcement of a real estate commission,
that "the promise or agreement on which the action is brought, or some memorandum thereof, is
in writing and signed by the party to be charged or signed by a person lawfully authorized by him
to sign it." Tex. Rev. Civ. Stat. Ann. art. 6353, § 20(b) (West Supp. 1993). (6)
 Courts have
applied the rules governing the Statute of Frauds for real estate sales, Tex. Bus. & Com. Code
Ann. § 26.01 (West 1987), to their determinations of compliance with the writing requirement of
the Real Estate License Act. Owen v. Hendricks, 433 S.W.2d 164, 166 (Tex. 1968); Carmack
v. Beltway Dev. Co., 701 S.W.2d 37, 39 (Tex. App.--Dallas 1985, no writ); West v. Barnes, 351
S.W.2d 615, 618 (Tex. Civ. App.--Austin 1961, writ ref'd n.r.e.). The Statute of Frauds requires
that the writing describe, either on its face or by reference to other documentation, the property
to be conveyed so that it may be identified with reasonable certainty. Wilson v. Fisher, 188
S.W.2d 150, 152 (Tex. 1945). "[C]ourts have held that a description which allows a party
familiar with the locality to identify and locate the land with reasonable certainty is sufficient
under the statute." James v. Baron Indus., Inc., 605 S.W.2d 330, 332 (Tex. Civ. App.--Houston
[14th Dist.] 1980, writ ref'd n.r.e.); see Riebe v. Foale, 508 S.W.2d 175, 178 (Tex. Civ.
App.--Corpus Christi 1974, no writ). For a commission agreement to be sufficient to satisfy the
Statute of Frauds, the description of the property need not be as precise and exact as that required
for deeds. James, 605 S.W.2d at 332; see also A.A.A. Realty Co., Inc. v. Neece, 292 S.W.2d
811, 815 (Tex. Civ. App.--Fort Worth 1956), aff'd, 299 S.W.2d 270 (Tex. 1957) (written contract
for sale of real estate need not describe property with exactness and particularity required in
deeds). 

 To support his proposition that the description of property by its commonly-known
name satisfies the Statute of Frauds, Nakfoor primarily relies on two cases: James, 605 S.W.2d
at 330 (listing agreement for "Willowick Place patio homes and the five (5) townhomes on
Nantucket" with dateline of "City of Houston, Harris County, Texas" held to satisfy Statute of
Frauds); Krueger v. W.K. Ewing Co., Inc., 139 S.W.2d 836 (Tex. Civ. App.--El Paso 1940, no
writ) (purchase agreement for "San Gabriel Apartments" with dateline of "San Antonio, Texas"
held to satisfy Statute of Frauds).

 In the present case, "Summer Grove Apartments, Austin" or "Summergrove
Apartments, Austin," the description provided in the two commission agreement letters, is clearly
in line with the aforementioned case-law authority. The commission agreement letters in this case
include both the name of the property and the property's location in the city of Austin. Other
documents created pursuant to the purchase and sale of the property and relied upon by the
appellees referred to the Apartments in similar language. In addition, attached to at least one of
the purchase and sale documents exchanged between Goodson, Admiralty Fund, and Belco was
the legal metes-and-bounds description of the Apartments. We conclude that the commission
agreement letters satisfy both the Statute of Frauds and the written document requirement
contained in the Real Estate License Act. Accordingly, we sustain Nakfoor's first point of error. 
Because we determine that the Statute of Frauds is satisfied, we need not discuss the "part
performance" doctrine issue raised in point of error one.




PARTNERSHIP AND AGENCY


 Nakfoor contends, in his second point of error, that the trial court erred in its
failure to find that Belton and Belco had apparent authority to bind Goodson and Admiralty Fund
to pay a real estate commission. He maintains that a partnership existed between
Goodson/Admiralty Fund and Belton/Belco, and that as a general partner, Belton/Belco had
apparent authority to bind the entire partnership, including Goodson individually. Nakfoor
argues, in the alternative, that even if such a partnership did not exist, Belton/Belco had apparent
authority to act as an agent for Goodson/Admiralty Fund. In these subpoints, Nakfoor contends
that the trial court erred as a matter of law; however, in an abundance of caution, we will review
his arguments under both the "conclusive evidence" and the "against the great weight and
preponderance of the evidence" standards.

 In deciding a "matter of law" or "conclusive evidence" point of error that attempts
to overcome an adverse fact finding, we must first consider only the evidence and inferences
tending to support the finding of the trier of fact and disregard all evidence and inferences to the
contrary. If no evidence exists to support the finding, we must then examine the entire record to
see if the contrary proposition is established as a matter of law. Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989); Texas & N. O. R. v. Burden, 203 S.W.2d 522, 528-31 (Tex.
1947). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence," 69 Tex. L. Rev. 515, 523 (1991); Michol O'Connor, Appealing Jury
Findings, 12 Hous. L. Rev. 65, 78-80 (1974).

 In reviewing a "great weight and preponderance" point of error, we must examine
the record for evidence to support the finding, and then decide if, in light of the entire record, the
finding is clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986);
In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 Goodson testified that, at the time Belton made the promises to Nakfoor, he merely
intended to create a partnership in the future. If the deal went through, he intended to make Belco
a partner for the purposes of purchasing the Apartments. The certificate of limited partnership
for Summer Grove, Ltd. was signed on December 11 and 12, 1989, by the general partners,
Admiralty Fund and Belco respectively. Prior to these dates, Belton had promised Nakfoor a real
estate commission. Goodson testified that he did not authorize Belton or Belco to promise a
commission on behalf of either Goodson individually or Admiralty Fund. None of the verbal or
written authorizations for Nakfoor's commission were directly provided by Goodson, Admiralty
Fund, or Summer Grove, Ltd. During the trial, Nakfoor had the burden to prove that a
partnership or agency relationship existed. The above-mentioned evidence constitutes some
evidence that Nakfoor failed to meet his burden. Therefore, we conclude that there is sufficient
evidence to support the trial court's refusal to find that Belton/Belco, either as partners or agents,
had apparent authority to bind Goodson/Admiralty Fund to an agreement to pay Nakfoor a real
estate commission. Furthermore, we conclude, in light of the entire record, that the trial court's
findings were not manifestly unjust. We overrule Nakfoor's second point of error.



LIABILITY OF BELCO AND GOODSON


 In his third point of error, Nakfoor argues that, because Belco consented to
judgment in open court, the district court erred in rendering a take-nothing judgment on Nakfoor's
suit against Belco. However, Nakfoor, in open court, stipulated that he agreed not to pursue his
cause of action against Belco in its capacity as a separate and independent legal entity. Belco and
Nakfoor only agreed in open court to judgment against Belco in its capacity as a general partner
of Summer Grove, Ltd. Because we held that the trial court did not err in rendering a take-nothing judgment in favor of Summer Grove, Ltd., Nakfoor cannot make Belco liable as a
purported general partner of that entity. Accordingly, we overrule point of error three.

 In his fourth point of error, Nakfoor maintains that the trial court erred in denying
his motion for default judgment against Goodson in his individual capacity because Goodson never
disputed Appellant's allegation against him. Although conceding that Goodson was not served
with formal citation, Nakfoor contends that Goodson's appearance before the trial court had the
same effect as service of citation. See Tex. R. Civ. P. 120. However, Rule 107 of the Texas
Rules of Civil Procedure states in pertinent part:



No default judgment shall be granted in any cause until the citation, or process
under Rules 108 or 109a, with proof of service as provided by this rule or by
Rules 108 or 108a, or as ordered by the court in the event citation is executed
under Rule 106, shall have been on file with the clerk of the court ten days,
exclusive of the day of filing and the day of judgment.



Tex. R. Civ. P. 107. Furthermore, the rules governing the issuance of service and return of
citation are mandatory and must be strictly followed. See McKanna v. Edgar, 388 S.W.2d 927,
929 (Tex. 1965). Because Nakfoor did not comply with the return of service requirement dictated
by Rule 107, we conclude that the trial court's denial of Nakfoor's motion for default judgment
against Goodson in his individual capacity was proper. We overrule point of error four.



CONCLUSION


 Because sustaining Nakfoor's first point of error does not alter the lower court's
judgment, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: March 31, 1993

[Do Not Publish]

1.   In its judgment, the district court parenthetically referred to Summer Grove
Apartments as Summer Grove, Ltd. Later in the judgment, the district court rendered
judgment in favor of both Summer Grove, Ltd. and Summer Grove Apartments. We
continue to include Summer Grove Apartments in the style of the case for reasons of
consistency.
2.   Goodson is a principal stockholder and president of Admiralty Fund of America,
Inc. ("Admiralty Fund"), an appellee in this lawsuit.
3.   Section 1031 of the Internal Revenue Code provides for the nonrecognition of gains
or losses from exchanges solely for property of like kind. 26 I.R.C. § 1031 (1992).
4.   Wright testified that Nakfoor's name was excluded from the contract because of
negative feelings between Nakfoor and some of Coast Savings's asset managers. Nakfoor
testified that he agreed in advance to be excluded from the purchase and sale contract.
5.   A review of the record indicates that Nakfoor was unsure as to whether the
Apartments were located in Travis or Williamson County because of their proximity to
the counties' boundaries. It appears that the trial court's conclusion that the Statute of
Frauds prevented Nakfoor from collecting his real estate commission was partially based
on this evidence.
6.   The purpose of section 20(b) of the Real Estate License Act is to prevent frauds by
requiring that commission agreements be in writing. See English v. Marr, 506 S.W.2d
333, 336 (Tex. Civ. App.--Houston [1st Dist.] 1974, no writ).