**H. B. OWEN, Petitioner,**

**v.**

**Ray HENDRICKS, Respondent.**

**No. B–905.**

Supreme Court of Texas.

Oct. 2, 1968.

Rehearing Denied Nov. 27, 1968.

Herbert C. Martin, Amarillo, for petitioner.

Nunn, Griggs & Beall, Charles R. Griggs, Sweetwater, for respondent.

WALKER, Justice.

This suit was brought by H. B. Owen, petitioner, against Ray Hendricks, respondent, to recover a real estate dealer's commission. Respondent filed a motion for summary judgment, urging: (1) that the description of the land in the written memorandum he signed is not sufficient to satisfy the requirements of Section 28 of Article 6573a;[1] and (2) that the memorandum does not contain a promise or agreement to pay any particular commission. His motion was sustained by the trial court, and the Court of Civil Appeals affirmed. 426 S.W.2d 955. We think the first ground urged in the motion for summary judgment is sound, and the judgment of the Court of Civil Appeals is accordingly affirmed.

Petitioner says that the memorandum of the listing agreement is composed of two letters. The first letter, which was written and signed by petitioner, is as follows:

October 7, 1965

Mr. Ray Hendricks
Roscoe, Texas

Dear Mr. Hendricks:

I wrote you earlier pertaining to your 960 acres in Dallam County. Also, talked with you on the phone about the possibility of selling the place for you.

There is a party I wish to talk with about the place, but thought that perhaps you should be contacted before going ahead. If you will sell the place, would you advise me by return letter, stating price, terms and allotments. Did I understand that you were guaranteeing the water?

Will you do some trading on this place?

Have been thinking that I would get down to see you before now, but have been trying to get some ranch deals working.

Enclosed self-addressed, stamped envelope for your convenience.

Very truly yours,<br>'/s/ H. B. Owen

The second letter, which was written and signed by respondent, is as follows:

October 11, 1965

H. B. Owen
Box 658
Canyon, Texas
Mr. Owen:

The 960 acres in Dallam County is for sale. The price is $225.00 per acre net to me. If you sell the place, you will need to add your commission on top of this.

I can take a large down payment at this time and would require as much down as possible.

1. Vernon's Ann.Tex.Civ.Stat.

The allotment status is 100% milo.

I will not guarantee water, but the place has good water on two sides of it and I feel that water is a certainty.

I will not do any trading.

Sincerely,
/s/ Ray Hendricks

Section 28 of Article 6573a provides that no action shall be brought for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement upon which the action is brought, or some memorandum thereof, shall be in writing and signed by the person to be charged or his lawfully authorized agent. To satisfy the requirements of this statute, the written memorandum must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land may be identified. The sufficiency of the description is determined by the test that is used in cases arising under the Statute of Frauds and the Statute of Conveyances. See Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

Petitioner recognizes that the letter signed by respondent does not contain enough information to identify the land. He insists, however, that the two letters must be read together since one is responsive to the other and they obviously relate to the same transaction. Petitioner then says that the reference in the letter signed by him to "your 960 acres in Dallam County" brings the case within the rule of Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, where we stated that:

" * * * the use in the memorandum or contract of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract

of land answering the description in the memorandum."

We assume for the purpose of this opinion that respondent owns only one tract of land and that the same consists of 960 acres and is located in Dallam County, Texas. It is further assumed that in view of such facts the letter written by petitioner contains an adequate description of the land. The problem then is to determine whether the two letters, one signed by respondent and the other not signed by him, may be taken together as constituting a memorandum of the agreement.

It is uniformly held that an unsigned paper may be incorporated by reference in the paper signed by the person sought to be charged. The language used is not important provided the document signed by the defendant plainly refers to another writing. An extension of this doctrine may be observed in some decisions, where it is said that several instruments may be read together when it appears from their terms that they necessarily relate to the same transaction. See Annotation, 85 A.L.R. 1184. According to Professor Williston, most of these cases were correctly decided on their facts, because the paper signed by the defendant did refer to the unsigned writing. See IV Williston on Contracts, 3rd ed. 1961, § 582, note 4.

The rule that several writings may be taken together provided there is internal evidence showing that they relate to the same transaction was recognized in Oliver v. Corzelius, Tex.Civ.App., 215 S.W.2d 231 (holding approved but judgment reversed, 148 Tex. 76, 220 S.W.2d 632), and Shook v. Parton, Tex.Civ.App., 211 S.W.2d 368 (no writ). Cf. Lindale Realty Co. v. Weary, Tex.Civ.App., 417 S.W.2d 436 (wr. ref. n. r. e.). According to the American Law Institute, the memorandum may consist of several writings when an examination of all the writings shows that the one executed by the defendant was signed with reference to the other writings. Restatement, Contracts, § 208. Professor Corbin

favors a flexible approach and suggests that internal references may be dispensed with if, in the light of the surrounding circumstances, the court is convinced that no fraud is being perpetrated and that the several writings, taken together, evidence with reasonable certitude the terms of the contract. See II Corbin on Contracts, 1950 ed., § 512.

As pointed out by Professor Williston, however, it is difficult to justify the extension of the doctrine of incorporation to permit several writings to be read together simply because it appears that they relate to the same transaction. "There is no difficulty in making out a written memorandum that evidently relates to the same transaction, but the memorandum is not signed by the party to be charged" as required by the statute. The only permissible extension "of the doctrine requiring an express reference in the signed paper is where the signed paper at the time of the signature can be shown from its contents to be based on an adoption of a then existing unsigned paper." IV Williston on Contracts, 3rd ed. 1961, § 582.

■ We agree with Professor Williston. Any further extension of the doctrine of incorporation would permit the defendant to be bound, contrary to the terms of the statute, by a writing which he had not signed. An unsigned instrument which is not referred to in or adopted by the signed memorandum is as easily fabricated as false testimony. When the two letters in the present case are read together, it appears that the one written by respondent is in reply to the earlier letter written by petitioner. The two letters obviously relate to the same subject matter, but there is nothing in the letter signed by respondent that even remotely suggests the existence of another writing. Since the contents of such letter do not show that it is based on an adoption of the letter written by petitioner, we hold that the two letters cannot be taken together as constituting the signed memorandum required by Article 6573a.

The letter signed by the defendant in Oliver v. Corzelius, supra, stated that she and her former husband had "today closed a deal * * * on the Colorado property" and that she had agreed to deed the same back to him within one year upon payment of her investment plus expenses and interest. The deed to her was in existence and had been signed when the letter was written. It was held that the deed might be looked to in connection with the letter, and that the two instruments taken together constituted a sufficient memorandum to satisfy the Statute of Frauds. This holding is not contrary to the rule suggested by Professor Williston. The court may also have reached the correct result in Burris v. Hastert, Tex.Civ.App., 191 S.W.2d 811 (wr. ref.), since a description of the property could be obtained from the abstract mentioned in the seller's last telegram. This was not the theory upon which the case was decided, however, and the opinions in *Oliver, Shook* and *Burris* are disapproved to the extent that they are inconsistent with the views here expressed.

The judgment of the Court of Civil Appeals is affirmed.