Faith PERRY, Appellant,

v.

Quinn CONNELLY, Appellee.

No. 7199.

Court of Civil Appeals of Texas, Beaumont.

Jan. 7, 1971.

Rehearing Denied Feb. 4, 1971.

Garner, Walters & Thompson, Lubbock, Tex., for appellant.

Key, Carr, Evans & Fouts, Lubbock, Tex., for appellee.

STEPHENSON, Justice.

This is an action to recover damages under a written contract between the parties. Trial was before the court and judgment was rendered for plaintiff. The parties will be referred to here as they were in the trial court.

Plaintiff, Connelly, entered into an agreement with defendant, Perry, under the terms of which defendant was given an option to lease premises from plaintiff. The consideration provided for in the option is $4,500.00, which defendant agreed to pay plaintiff as liquidated damages whether the option was exercised or not. Defendant did not exercise the option, and refused to pay the $4,500.00 when demand was made upon her. Plaintiff then brought this action to recover the liquidated damages.

The sole question in the trial court, and on this appeal, is whether the property in question was described with sufficient certainty to satisfy the Statute of Frauds. The material portion of this agreement as to the issue before this court, reads as follows:

"Lessor is the owner of a tract of land out of Section Four (4), Block E, upon which property is situated a bowling alley, and in consideration of Four Thou-

sand Five Hundred Dollars ($4,500.00) to be paid by Lessee to Lessor not later than October 15, 1968, time being of the essence, Lessor hereby grants an absolute and exclusive option to Lessee to lease a part of said property, such part being all of such building (save and except that hereinafter mentioned) and the asphalt parking area to the south of such building. Lessor shall reserve for his use the east 25 feet of such building and reserves a right of ingress and egress over the south twelve (12) feet of the asphalt parking area. In the event Lessee exercises this option, a survey of the property will be made for a more accurate description of the property to be leased.

\* \* \* \* \* \*

" \* \* \* Lessor to cut off a portion of the northwest corner of the building for ingress and egress to the north side of the building (which north part of the property shall not be subject to the terms of the lease), \* \* \*"

We recognize that the rules of construction which we must follow in passing upon this point are expressed in Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308, 309 (1953), as follows:

"The established test in determining the sufficiency, for compliance with the statute of conveyances and the statute of frauds, of the description of land in deeds and in contracts to convey land is thus stated in Wilson v. Fisher, 144 Tex. 53, 56–57, 188 S.W.2d 150, 152: 'the writing must furnish *within itself,* or by reference to some other existing writing, *the means or data* by which the particular land to be conveyed may be identified with reasonable certainty.' (Emphasis added.) [Citing cases.]"

Or, as the rule is put in Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, 982 (1948):

"The rule is well established that for a contract to convey land to be sufficient under the statute of frauds, art. 3995,

R.C.S., 'the description must be so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty.' Greer v. Greer, 144 Tex. 528, 191 S.W. 2d 848, 849; \* \* \* [other citations omitted]."

Also, as said in Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699, 701 (1951), quoting 13 C.J., Contracts, Sec. 496, p. 535:

" 'While the courts should avoid, if possible, holding a contract void on the ground of uncertainty, they have no right to interpolate or to eliminate terms of material legal consequence in order to uphold it.' "

Defendant contends under this point of error that the description is not adequate because the state and county are not mentioned in the description. We do not consider this a serious problem and would not hold that this alone in this case would render the description so uncertain as to be void because of the Statute of Frauds. Rowson v. Rowson, 154 Tex. 216, 275 S.W. 2d 468 (1955).

Defendant has pointed out that her primary objection to the description pertains to that portion of the contract shown above, but quoted here once again for convenience:

" \* \* \* Lessor to cut off a portion of the northwest corner of the building for ingress and egress to the north side of the building (which north part of the property shall not be subject to the terms of the lease), \* \* \*"

Nowhere in the contract is it shown how much of the northwest corner of the building could be cut off so plaintiff (lessor) could have ingress and egress to the north side of the building.

Defendant testified in the trial of this case and drew a rough sketch of the tract of land owned by him, showing the uses

generally to which it was being put. The writer of this opinion has re-drafted the sketch found in the record, consistent with the testimony, in an effort to assist the reader in understanding the situation which we face in this case.

NORTH

BOWLING ALLEY BLDG.

EAST 25 FT.

ASPHALT PARKING LOT

SOUTH 12 FT.

SWIMMING POOL

WEST

EAST

TENNIS COURTS

(NOT DRAWN TO SCALE)

SOUTH

[A3593]

Plaintiff apparently recognizes the problems raised by the sentence complained about, and argues that this sentence is not included in that portion of the contract describing the property, but that it appears along with the list of plaintiff's obligations under the contract. Plaintiff's position is stated in his brief:

" * * * that the paragraph only imposes an obligation on him to cut an opening for ingress and egree [sic] in the northwest corner of the building.

While it is true that the exact location of the opening to be created is not identified, this is immaterial, as it has nothing to do with locating the building to be leased."

We do not agree with the result arrived at by plaintiff. It is true that there is no question as to which building the parties had in mind, but the uncertainty is as to the amount of such building to be cut off from the northwest corner of the building for ingress and egress to the north side

of the building. It is noted that the first paragraph of the description shows defendant is to have all of the bowling alley building, *"save and except that hereinafter mentioned"* (emphasis supplied). In the next sentence in the description, plaintiff reserves for his use the east 25 feet of the building. Except for this quoted sentence complained of, defendant would get the bowling alley building less the east 25 feet of such building, and the asphalt parking area to the south of such building. There is nothing in this contract to indicate the cutting off of a portion of the northwest corner of the building for ingress and egress to the north side of the building could be of any benefit to defendant, defendant's parking lot being on the opposite side of the building. We think a reasonable interpretation of the language given to us in this contract is that plaintiff was reserving this strictly for his benefit, and that he would be entitled to cut off a portion of such building at the northwest corner and retain and use some undefined portion of the north side of the building not subject to the lease, to reach the east 25 feet reserved by him. Therefore, we have concluded that this contract does not furnish within itself, or by reference to other existing writing, the means or data by which the particular property to be leased could be identified with reasonable certainty.

This case is reversed and rendered that plaintiff take nothing.