Luis R. CABALLERO et al., Appellants,

v.

W. O. CARTER, Appellee.

No. 6539.

Court of Civil Appeals of Texas, El Paso.

Feb. 23, 1977.

Long & Koehler, Ward L. Koehler, El Paso, for appellants.

Studdard, Melby & Schwartz, Harold E. Crowson, Jr., El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a suit brought by the purchaser on an earnest money contract and by the realtors for their real estate commission on a written listing agreement against the Appellee for his failure to comply with the earnest money contract. The trial Court granted Appellee's motion for summary judgment. We affirm.

Appellee, W. O. Carter, entered into an exclusive listing contract with Appellant, Norma Sons, for sale of the property here involved, and later he entered into an earnest money contract of sale with Appellant, Caballero. This suit was brought by Caballero, purchaser, seeking damages for Carter's failure to perform under the earnest money contract of sale, and by Norma Sons and another realtor, Investors International, Inc., for the real estate commissions under the exclusive listing contract. Appellee Carter moved for summary judgment on the grounds that as a matter of law there was no genuine issue of fact as to one or more of his affirmative defenses consisting of Statute of Frauds, failure of conditions precedent, business homestead, failure of his wife as co-owner to join, and vagueness and uncertainty of the earnest money contract.

We are of the opinion that the affirmative defense of the Statute of Frauds was established as a matter of law.

■ The instruments upon which the Appellants rely do not meet the requirements of the Statute of Frauds. Tex.Bus. & Comm.Code Ann. Sec. 26.01. The instruments involved describe the property to be conveyed as follows:

The Listing Contract:

"Address 3635 Buckner El Paso, El Paso County, Texas
Lot *2 and 3, Block _____ Addition MONTANA INDUSTRIAL CENTER
* * * * Excluding Triangle in South Part"

The Contract of Sale:

" * * *   the following described real estate in El Paso County, Texas, to-wit: "Approximately 1.2 acres plus all improvements on 3635 Buckner Street; Lots 2 and 3 excluding triangle in southern part of Montana Industrial"

In order to satisfy the Statute of Frauds, the instruments must furnish within themselves, or by reference to some existing writing, the means or data by which the particular land can be identified with reasonable certainty. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (Tex.1945); *Owen v. Hendricks*, 433 S.W.2d 164 (Tex.1968). This requirement applies to both the contract of sale and the listing agreement. *Owen v. Hendricks*, supra. In their brief, Appellants concede that this law is applicable and the defense is good as to Plaintiff's original petition. But, Appellants urge that, by their first amended original petition, they pled a new theory by which they invoke the equitable powers of the trial Court to reform the listing contract and the contract of sale as to the description of the property; they say that their properly pled grounds for such reformation create fact issues.

■ Appellants' contention in this regard fails because the description sought by reformation would not cure the defective description in the contracts involved. They would reform the contract by describing the land as it appears in a deed to Appellee Carter and his wife. This is a metes and bounds description, materially different from that in the two contracts involved, but having no mention of any triangle. Even with this description inserted in the contracts, there would still be the matter of "Excluding Triangle in South Part" or "excluding triangle in southern part of Montana Industrial." With that exclusion in the description, there is no means by which the particular land to be conveyed can be identified with reasonable certainty; there is no way to know how large or how small the triangle is, whether it involves a major or a minor part of the land to be conveyed, or where it may be located out of the land

to be conveyed. At best, if the contract were reformed, it still would not meet the requirements of the Statute of Frauds. In *Wilson v. Fisher*, supra, the description of the land to be conveyed was a "brick duplex & garage apt located at 4328–30 Cedar Springs * * *. Room at back not included." As to such description, the Supreme Court said:

> " * * * Moreover, the instruments show that it was intended that a portion of the property was reserved from the sale, but the part which was to be included and that to be reserved is not shown. * * * Such a description is palpably insufficient to support a suit either for specific performance or for damages. * * * "

In *Perry v. Connelly*, 462 S.W.2d 383 (Tex. Civ.App. Beaumont 1971, writ ref'd n. r. e.), the description of the property excluded was as follows:

> " ' * * * Lessor to cut off a portion of the northwest corner of the building for ingress and egress to the north side of the building (which north part of the property shall not be subject to the terms of the lease), * * * '."

The Court held that the contract was unenforceable, saying:

> " * * * Nowhere in the contract is it shown how much of the northwest corner of the building could be cut off so plaintiff (lessor) could have ingress and egress to the north side of the building."

As indicated, we are of the opinion that the summary judgment was proper in that the defense of the Statute of Frauds was established as a matter of law. The judgment of the trial Court is affirmed.