NUMBER
13-02-149-CV

                             COURT
OF APPEALS

                   THIRTEENTH
DISTRICT OF TEXAS

                      CORPUS CHRISTI - EDINBURG

 

IN
RE: C & H NEWS COMPANY 

 

 

                             On Petition for
Writ of Mandamus

 

 

                                         O P I
N I O N

 

        Before Chief Justice Valdez and Justices
Dorsey and Rodriguez

                                    Opinion
by Chief Justice Valdez

 








Relator, Nueces News
Agency, Inc., d/b/a ETD KroMar, Southern Division (designated in the court
below as C & H News Co.), has filed a petition for writ of mandamus, asking
that this Court compel respondent, the Honorable Rolando Olvera, Judge of the
357th District Court of Cameron County, Texas, to (1) vacate an order denying
relator=s motion to compel
arbitration; and (2) enter an order compelling arbitration.  We deny relator=s request for issuance of mandamus.

The real parties in
interest, Odilia Gallegos, individually and on behalf of the Estate of Jesus
Gallegos, Sr., Eva G. Guajardo, Guadalupe Gallegos, Elizabeth De La Paz, and
Jesus Gallegos, Jr., filed suit against relator, in Respondent=s court, seeking
damages.  Real parties in interest allege
that the death of Jesus Gallegos, Sr., one of relator=s former employees,
was proximately caused by the negligence of relator and/or its agents.  Soon after said litigation was commenced,
relators moved the trial court to compel the parties to arbitration based on an
arbitration agreement signed by Jesus Gallegos, Sr., and relator.  The respondent denied relator=s motion to compel.








Mandamus is the
appropriate remedy when a trial court improperly denies a motion to compel
arbitration pursuant to the Federal Arbitration Act.[1]  9 U.S.C. ' 1, et seq. (2002); In re L & L Kempwood Assocs., L.L.P.,
9 S.W.3d 125, 128 (Tex. 1999) (per curiam); Davidson
v. Webster, 49 S.W.3d 507, 510 (Tex. App.BCorpus Christi 2001, orig. proceeding).   A party seeking to compel arbitration must
establish the existence of an arbitration agreement and show that the claims
raised fall within the scope of that agreement. 
In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999) (per curiam); Davidson,
49 S.W.3d at 511.  When one party denies
he is bound by an arbitration agreement, the trial court must summarily
determine whether an agreement to arbitrate exists between the parties.  Tex. Civ.
Prac. & Rem. Code Ann. ' 171.021 (Vernon Supp. 2002); Davidson,
49 S.W.3d at 511; ANCO Ins. Servs. of Houston, Inc. v. Romero, 27 S.W.3d 1,
5 (Tex. App.BSan Antonio 2000, pet.
denied).  Once a party establishes a
claim within the scope of the arbitration agreement, the trial court must
compel arbitration and stay its own proceedings, unless the party opposing
arbitration meets its burden of presenting evidence that prevents
enforcement.  Oakwood, 987 S.W.2d at 573; Cantella & Co.,
Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996) (per curiam).

We review a trial
court's determination concerning the existence of an arbitration agreement
under an abuse of discretion standard.  Davidson,
49 S.W.3d at 511; ANCO Ins. Servs., 27 S.W.3d at 5.  Under this standard, we must uphold the trial
court's decision unless we conclude that the trial court could reasonably have
reached only one decision.  Davidson,
49 S.W.3d at 511; Hardin Const. Group, Inc. v. Strictly Painting, Inc., 945
S.W.2d 308, 312 (Tex. App.BSan Antonio 1997,
orig. proceeding [mand. denied]).  Legal
conclusions, however, are reviewed de novo. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992). 
Whether an agreement imposes a duty on the parties to arbitrate a
dispute is a matter of contract interpretation and a question of law for the
court.  Tenet Healthcare Ltd. v. Cooper,
960 S.W.2d 386, 388 (Tex. App.BHouston [14th Dist.]
1998, writ dism'd w.o.j.); City of Alamo v. Garcia, 878 S.W.2d 664, 665 (Tex. App.BCorpus Christi 1994,
no writ).








In construing a
written contract, the primary concern of the court is to ascertain the true
intentions of the parties as expressed in the instrument.  Coker v. Coker, 650 S.W.2d 391,
393-94 (Tex. 1983); Garner v.
Corpus Christi National Bank, 944 S.W.2d 469, 474 (Tex. App.BCorpus Christi 1997,
writ denied).  In this context, courts
should examine and consider the entire writing in an effort to harmonize and
give effect to all the provisions of the contract so that none will be rendered
meaningless.  Coker, 650 S.W.2d at
393-94.; First Victoria Nat'l Bank v. Briones, 788 S.W.2d 632, 634 (Tex.
App.BCorpus Christi 1990,
writ denied).  An
unsigned paper may be incorporated by reference in a contract signed by a party
sought to be charged.  Teal Constr.
Co. / Hillside Villas Ltd. v. Darren Casey Interests, Inc., 46 S.W.3d 417, 420 (Tex. App.BAustin
2001, pet. denied) (citing Owen v. Hendricks, 433 S.W.2d 164, 166 (Tex.
1968)).  The specific language used is
not important so long as the contract signed by the defendant plainly refers to
another writing.  Teal Constr. Co.,
46 S.W.3d at 420.  When a document is
incorporated into another by reference, both instruments must be read and
construed together.  Wolfe v. Speed
Fab-Crete Corp. Int'l, 507 S.W.2d 276, 278 (Tex. Civ. App.BFort Worth
1974, no writ).

In the
present case, Relator asserts that it has established the existence of an
arbitration agreement and has shown that the claims raised fall within the
scope of that agreement; therefore, Relator concludes that the trial court
abused its discretion in not ordering the parties to arbitration.  The arbitration agreement which is the
subject of this proceeding is a one page document entitled AMutual
Agreement to Arbitrate,@ and reads,
in part, as follows:








I understand and acknowledge that as a condition of continued
employment with ETD, the company and I have voluntarily promised and agreed to
submit all claims or disputes between us to binding arbitration as provided in
the Handbook.








The agreement provides for Aarbitration
as provided in the Handbook,@ and
therefore, we find that the agreement incorporates, by reference, portions of
the employee handbook into the agreement. 
Relator has not provided a complete copy of the handbook to this Court
for review[2], and
therefore, we do not have the entire agreement before us.  In interpreting the arbitration agreement in
the present case, we must consider the entire writing, which includes those
provisions of the handbook incorporated by reference.  Coker, 650 S.W.2d at 393; Wolfe,
507 S.W.2d at 278.  As the party seeking
relief, the relator had the burden of providing this Court with a sufficient
record to establish its right to mandamus relief.  Walker, 827 S.W.2d
at 837.  Since relator is attempting to
establish that the underlying claim of the real parties in interest falls
within the scope of the arbitration agreement, relator had the burden of
providing us the complete arbitration agreement.  See Tex. R. App. P. 52.3(j); see
also Fina Oil and Chemical Co. v. Salinas, 750 S.W.2d 32, 34 (Tex. App. BCorpus
Christi 1988) (original proceeding) (ANormally,
in a mandamus proceeding, it is incumbent upon the relator to bring forward all
the elements of the record below to enable the appellate court to render a
decision.@)  Having failed to meet this burden, Relator
has not provided us with a record upon which it can establish its right to
mandamus relief.  Accordingly, we cannot
say that respondent abused his discretion in refusing to compel the parties to
arbitration.

The dissent argues that we fail to follow well-recognized U.S.
Supreme Court precedent, because we refuse to order the trial court to compel
arbitration.  The dissent misinterprets
our opinion.  We recognize that the
Federal Arbitration Act is applicable to the present case; however, this alone
is insufficient to grant Relator=s request
for mandamus.  We cannot grant mandamus
relief unless, and until, the party requesting relief meets his burden of providing
a sufficient record to establish his right to mandamus relief.  Walker, 827
S.W.2d at 837.  Relator has not met its
burden.  In rendering our decision, we
uphold the law of the United
 States and of this State, and any
suggestion to the contrary is unfounded.

Relator=s petition
for writ of mandamus is DENIED.  Further,
this Court=s order of
March 13, 2002, staying
the proceedings in the underlying cause, is VACATED.

 

 

                                     

ROGELIO VALDEZ

Chief
Justice

 

 

Justice Dorsey
dissenting.

 

Do not
publish.

Tex. R. App. P. 47.3

 

Opinion
delivered and filed 

this the
27th day of June, 2002.

 

-------------------------------------------------------------------------------------------------------------------------------------------

 



 

 




 
 
 
 
 
 
 
 
 




 

 

 

 

 

 

                                   NUMBER 13-02-149-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



                               IN
RE: C&H NEWS COMPANY                               

 



 

                             On Petition for
Writ of Mandamus

 



 

                            DISSENTING OPINION

 

        Before Chief Justice Valdez and
Justices Dorsey and Rodriguez

                          Dissenting Opinion by
Justice Dorsey

 

The arbitration agreement is unambiguous and clearly requires the  parties to arbitrate their dispute.   The majority errs in assuming that by
referring to the employee handbook in the one paragraph arbitration agreement,
an ambiguity is introduced that requires the presentment of the handbook in
order to enforce arbitration.  I
accordingly dissent from the majority=s denial of relator=s petition for writ of
mandamus. 












 The agreement to arbitrate is
sufficient within its four corners. 
There is no indication that the information contained in the handbook
modifies the essential agreement between the partiesCi.e., to arbitrate any
dispute that might arise between them. 
Rather, the information contained in the handbook appears to go to the
procedures to be used when arbitration is sought.

The one-page arbitration agreement states in total:

I understand and
acknowledge that as a condition of continued employment with ETD, the company
and I have voluntarily promised and agreed to submit all claims or disputes
between us to binding arbitration as provided in the Handbook.  We agree that arbitration pursuant to this
Agreement shall be the sole and exclusive remedy for resolving any such claims
and disputes.  I understand that by
agreeing to arbitrate, neither I nor ETD is giving up any substantive rights
under either state or federal law. 
Rather, we are only agreeing to submit any claim or dispute to an
arbitral forum, rather than a judicial (court) one.

 

This
agreement is complete on its face and unambiguously binds both parties to
arbitration of all claims or disputes between them.  The methods, procedures, and rules to be
applied are found in another source, the Handbook, that was not submitted to
the court below in the motion to compel arbitration.  I do not find its absence from the record
critical to the parties= right to enforce
their contract to arbitrate. 
Accordingly, I would hold that the trial court has no discretion to refuse
to compel arbitration.












The Federal Arbitration Act controls, and it has been interpreted by
the U. S. Supreme Court in Circuit City Stores, Inc., v. Saint Claire Adams,
532 U.S. 105 (2001) to apply to contracts of employment that touch on
interstate commerce.  Whether one agrees
with that decision either in law or policy, and I do not, is immaterial, as
that court is the final arbiter of federal law. 
As judges bound by oath to uphold the law of the United States and of
Texas, we must honor the United States Supreme Court=s interpretation of
the law.   

I would grant the petition for writ of mandamus.

 

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Dissenting Opinion delivered and filed

this 27th day of June, 2002.               



 











[1] Relator
asserts that the Federal Arbitration Act applies to the present case.  Real Parties in Interest concede that if a valid
agreement to arbitrate does exist, then the Federal Arbitration Act does apply.





[2]
Relator has provided this Court with the title page and page one of the
handbook, but provides no other pages. 
Real parties in interest assert that the handbook exceeds one hundred
pages.  While we are unable to determine
the exact length of the handbook, it is clear that only a small portion of the
handbook has been included in the record.