# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00590-CV

**Bubbajunk.com, Inc., Appellant**

**v.**

**Momentum Software, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. GN200500, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Bubbajunk.com, Inc. appeals from a final summary judgment granted in favor of appellee Momentum Software, Inc. In one issue, Bubbajunk contends that the district court erred in granting summary judgment because Bubbajunk presented sufficient evidence of its breach of contract counterclaim and Momentum did not prove its affirmative defense of novation as a matter of law. For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

In February 2000, the parties entered into a contract for Momentum to develop the Bubbajunk website (hereinafter the "consulting agreement"). One of the purposes of the website was to display classified advertising. When the website was launched in September 2000, there were

problems with links to the classified advertisements. Around the same time, Bubbajunk became delinquent on its payments for Momentum's services under the consulting agreement. On December 8, 2000, the parties entered into an agreement reducing the balance that Bubbajunk owed, to be paid in weekly installments, and allowing Bubbajunk to contract directly with one of Momentum's former employees to provide "maintenance support" of the website (hereinafter the "final cost agreement").

In December 2001, Momentum's former employee discovered that a database scripting error caused the problem. At some point after this discovery, Bubbajunk ceased to make payments under the final cost agreement. Momentum then filed suit for the balance still owed under the agreement. Bubbajunk asserted a counterclaim for breach of the consulting agreement on the ground that Momentum did not complete the software according to specifications. Momentum, in its answer to Bubbajunk's counterclaim, asserted the affirmative defense of novation. Momentum argued that because the final cost agreement superseded the consulting agreement, Bubbajunk could assert no claims under the consulting agreement.

After a period of discovery, Momentum filed a motion for summary judgment on three grounds. Under the rule 166a(c) summary judgment standard, Momentum asserted that it had conclusively proven its breach of contract claim. *See* Tex. R. Civ. P. 166a(c). It also asserted that it had conclusively proven its affirmative defense of novation as to Bubbajunk's counterclaim. Under the no-evidence summary judgment standard, Momentum contended that Bubbajunk had set forth "no evidence on the essential elements of a breach of contract claim." The trial court, without stating the grounds for its ruling, granted summary judgment in favor of Momentum and ordered that

2

Bubbajunk take nothing on its counterclaim. It is from this final summary judgment that Bubbajunk appeals.

## STANDARD OF REVIEW

In one issue, Bubbajunk asserts that the trial court erred in granting summary judgment in favor of Momentum. Because the trial court's orders do not specify the ground or grounds relied on for its rulings, we must review each argument asserted in the motions and affirm the trial court's judgments if any of these arguments is meritorious. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). We review the trial court's decision to grant summary judgment *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). Momentum moved for summary judgment on both no-evidence and rule 166a(c) summary judgment grounds; therefore, we will discuss the specific standards of review for both.

### *No-Evidence Summary Judgment*

A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claims on which it would have the burden of proof at trial. *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i). The nonmovant is not required to marshal its proof,[1] but it must point out evidence that raises a fact issue. *Id.* 166a(i)

---

[1] To "marshal one's evidence" means to arrange all of the evidence in the order that it will be presented at trial. *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex. App.—Texarkana 1998, orig. proceeding).

cmt. To raise a genuine issue of material fact, the nonmovant must set forth more than a scintilla of probative evidence as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See id.* 166a(i); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of fact, and the legal effect is that there is no evidence. *Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). If the nonmovant fails to present evidence raising a genuine issue of material fact as to the challenged element, the trial court must grant the motion. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *Jackson*, 979 S.W.2d at 70.

### Rule 166a(c) Summary Judgment

The standards for review of a rule 166a(c) summary judgment are well established. The movant must demonstrate that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on the issues expressly set out in the motion. Tex. R. Civ. P. 166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex.

4

1985).  A defendant moving for summary judgment on an affirmative defense must conclusively establish each element of the affirmative defense to prevail.  *See Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996).

## ANALYSIS

In one issue, Bubbajunk asserts that the trial court erred in granting summary judgment in favor of Momentum.  Momentum moved for summary judgment on three grounds: conclusive proof of its claim, conclusive proof of its novation affirmative defense to Bubbajunk's counterclaim, and, in the alternative, no evidence of Bubbajunk's counterclaim.  Bubbajunk in its response did not attempt to set forth a disputed material fact issue as to any element of Momentum's breach of contract claim.  Bubbajunk instead contended that (i) promissory estoppel barred Momentum's claim; (ii) a fact issue existed as to Momentum's novation affirmative defense; and (iii) it had put forth evidence of its counterclaim, which offset Momentum's claim.  We will begin with Momentum's motion for summary judgment on its breach of contract claim.

### *Momentum's Breach of Contract Claim*

Momentum first asserted in its motion for summary judgment that it was entitled to judgment on its breach of contract claim.  To prevail on this ground, Momentum must have proven all elements of its claim as a matter of law.  The essential elements of a breach of contract claim are that a valid contract existed, the plaintiff performed, the defendant breached, and the plaintiff has suffered resulting damages. *Scott v. Sebree*, 986 S.W.2d 364, 372-73 (Tex. App.—Austin 1999, pet. denied).  As evidence, Momentum attached the final cost agreement and an affidavit by Scott

5

Campbell, president of Momentum, attesting to Momentum's fulfillment of its performance under the final cost agreement, which was to allow one of its former employees to contract directly with Bubbajunk, Bubbajunk's delinquency on its payments, and the amounts due.

Bubbajunk's response did not contest any of the elements of Momentum's claim; instead, it asserted an affirmative defense of promissory estoppel. The elements of promissory estoppel are: a promise, foreseeability of reliance thereon by the promisor, and substantial reliance by the promisee to its detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). The response stated, "Defendant has shown that Plaintiff promised to deliver a website for classified ads. There is evidence that Plaintiff should have known that Defendant would rely on this promise, and that the Defendant actually relied on the promise."

"To be an effective bar to a plaintiff's summary judgment," the defendant's response to summary judgment must include its affirmative defense, "along with proper proof." 3 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 18:7, at 867 (2d ed. 2000). An affirmative defense will be insufficient in law if a fact issue is not raised as to each element of such defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Here, Bubbajunk asserted the elements of its affirmative defense but failed to present any supporting evidence to raise a fact issue. Bubbajunk further wholly failed to establish a material fact issue as to Momentum's breach of contract claim. Because Momentum met the burden of conclusively establishing its breach of contract claim as a matter of law, we affirm the trial court's grant of summary judgment in favor of Momentum on this ground.

6

*Bubbajunk's Breach of Contract Counterclaim*

Momentum further contended that Bubbajunk had set forth "no evidence on the essential elements of a breach of contract claim." Momentum stated the elements of a breach of contract claim—contract, breach, and damages from the breach—and asserted that "Bubbajunk has no evidence of any actionable breach." At oral argument, Momentum conceded that it only challenged the breach element of Bubbajunk's counterclaim. Therefore, we will consider only whether Bubbajunk's response pointed out evidence that raised a genuine issue of material fact as to the breach element.

Momentum asserts that it is entitled to summary judgment on this ground because Bubbajunk has not raised any fact issue concerning a breach. We agree. A breach of contract occurs when a party fails or refuses to do something that it has promised to do. *Televentures, Inc. v. International Game Tech.*, 12 S.W.3d 900, 910 (Tex. App.—Austin 2000, pet. denied); *see also Restatement (Second) of Contracts* § 235(2) (1981) (when performance of duty under contract is due, any non-performance is breach). In the consulting agreement, Momentum promised "to perform the services (the 'Services') that are described and set forth in the Work Authorization(s) attached hereto and incorporated herein." The contract went on to state: "Changes within the scope of the Services shall be made only in a writing executed by authorized representatives of both parties." The description of services in each of the two work authorizations was "[r]equirement, design and development services in conjunction with the Bubbajunk.com project." Momentum also warranted in the consulting agreement that its services would be performed "in a professional and workmanlike

7

manner." Bubbajunk did not assert a breach of this warranty, which is a separate and distinct cause of action from breach of contract. *See, e.g.*, *Southwestern Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 576-77 & n.3 (Tex. 1991) (elements of cause of action for breach of express warranty for services include: defendant sold services to plaintiff; defendant made a representation; representation became part of the basis of the bargain; and defendant breached warranty).

Bubbajunk did not present evidence that Momentum failed to fulfill its promises enumerated in the consulting agreement and the work authorizations. Bubbajunk instead pointed out statements in an unsigned software requirements specification, along with testimony that the website did not perform according to the specification. Bubbajunk appears to be arguing that the specification is a part of the contract between the parties.

An unsigned paper may be incorporated by reference in a signed agreement. *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex. 1968). For an unsigned document to be so incorporated, the express language used in the signed document is not important provided the signed document *plainly refers* to the other writing. *Id.* The work authorizations, for example, are expressly made a part of the consulting agreement. Neither the consulting agreement nor the work authorizations refer to the specification, which was prepared after the parties entered into the consulting agreement, and the unsigned specification was not "executed by authorized representatives of both parties" as required in the consulting agreement. Bubbajunk failed to demonstrate that the specification was a part of the contract between the parties or that Momentum breached its promises in the consulting agreement and work authorizations. *See id.*

Even if the software requirements specification were a part of the consulting agreement, Bubbajunk's evidence is insufficient because it fails to point out which statements in the specification were breached. The affidavits of Jay Wommack, president of Bubbajunk, and Bradley Pruitt, an employee of Bubbajunk, contain conclusory assertions that the website did not work because of a database script error. These assertions fail to link the error to statements in the specification. Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (stating that "conclusory affidavits are not enough to raise fact issues"); *Brownlee*, 665 S.W.2d at 112. The affidavit must set forth such facts as would be admissible at a conventional trial on the merits, *see* Tex. R. Civ. P. 166a(f) ("affidavits . . . shall set forth such facts as would be admissible in evidence"), and must be direct, unequivocal, and controvertible. *Brownlee*, 665 S.W.2d at 112. Furthermore, Bubbajunk's response to Momentum's motion for summary judgment does not point out the statements in these affidavits, *see* Tex. R. Civ. P. 166a(i) cmt., instead only pointing out statements in Jay Wommack's deposition, which are also conclusory by failing to assert which statements in the specification were breached.

Because Bubbajunk failed to point out evidence of the element of breach, Momentum is entitled to summary judgment as to Bubbajunk's breach of contract counterclaim. Accordingly, we affirm the district court's order that Bubbajunk take nothing on its counterclaim. Because we affirm the grant of summary judgment on this ground, we need not address Momentum's motion for summary judgment in the alternative on its novation affirmative defense to the counterclaim. Having overruled Bubbajunk's issue, we affirm the final summary judgment of the district court.

9

## CONCLUSION

Because Momentum met the burden of conclusively establishing its breach of contract claim as a matter of law, we affirm the trial court's grant of summary judgment in favor of Momentum on its claim. Further, because Bubbajunk failed to present evidence of the element of breach in its breach of contract counterclaim, we affirm the trial court's grant of summary judgment in favor of Momentum on its no-evidence ground as to the counterclaim. Having overruled Bubbajunk's issue, we affirm the final summary judgment of the district court.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   April 29, 2004

10